Matter of the Proceedings to Fix a Transfer Tax in the Estate of MARY J. KINGSLAND, Deceased.

Surrogate's Court, New York County, April, 1922.

**Transfer tax — amount at which mortgages bearing less than current rate of interest should be appraised — overdue mortgages — value where realty is insufficient to pay mortgage debt in full.**

Decedent left a gross estate of over $9,000,000 including mortgages upon real estate in the city of New York of the face value of $4,014,300.    About seventy-five per cent of the mortgages were overdue and the rate of interest in all but one was less than six per cent.    Mortgages for amounts in excess of the value of the real estate were considered by the transfer tax appraiser as inadequately secured and after appraising the other mortgages at their face value he deducted ten per cent from the value thus found of all the mortgages, leaving the balance with interest on the mortgages to the date of decedent's death as his appraisal.    *Held*, that the method followed was erroneous.

The value of mortgages paid or assigned is the amount received for their satisfaction or sale and they should be appraised at such sums less a discount of the difference between the mortgage rate of interest and six per cent, from the date of decedent's death to the date of payment.

Mortgages neither paid nor assigned but which are overdue should be appraised at their face value except where they exceed the value of the real estate, in which case they should be appraised at the real estate value.

Mortgages not due at decedent's death and neither paid nor assigned should be appraised at their face value discounted by the difference in percentage between the mortgage rate of interest and six per cent, from decedent's death to the date of maturity, and the mortgages if in excess of the value of real estate should be depreciated to such value.

The report of the appraiser remitted for revision and correction as to the appraisal of the mortgages, and the appeal of the state tax commission on the ground that the allowance for disbursements for administration expenses was excessive, denied.

APPEAL by the state tax commission from the order fixing the transfer tax herein.

*Humes, Buck & Smith* (*Albridge C. Smith, Raymond J. Scully*, of counsel), for the administrators c. t. a.

*Lafayette B. Gleason* (*Schuyler C. Carlton*, of counsel), for the state tax commission.

COHALAN, S.    This appeal is taken by the state tax commission from the order fixing the transfer tax, on the ground that mortgages owned by decedent on real estate in the city of New York have

been appraised at less than their market value, and that excessive amounts have been allowed as administration expenses.

The decedent left a gross estate of over $9,000,000, including mortgages on real estate in this city of the face value of $4,014,300. About seventy-five per cent of the mortgages were overdue. The rate of interest in all but one was less than six per cent.

The transfer tax appraiser depreciated to the value of the real estate the mortgages which were for sums in excess of that valuation and were, therefore, considered by him to be inadequately secured. He appraised the other mortgages at their face value. He then deducted ten per cent from the value thus found of all the mortgages and the balance with interest on the mortgages to the date of decedent's death is his appraisal.

The total sum by which the mortgages are depreciated is $444,405. The appraiser did not accept the valuation submitted by the executors, who claimed that the mortgages were worth $602,580 less than their face value, but his plan of applying a percentage of reduction to all the mortgages was that employed by the expert for the estate.

This method of appraisal is erroneous. No reason is given by the appraiser for adopting it. The true value of the mortgages could no more be ascertained in this way than could the value of an aggregation of bonds differing one from the other in amount, interest rate, date of maturity and sufficiency of security. The fact that the number of mortgages left by decedent is large cannot be considered as an element of depreciation. *Matter of Gould,* 19 App. Div. 352.

It is possible in this proceeding because of the completeness of the data furnished to the appraiser by the estate to fix the value of all the mortgages with reasonable accuracy.

The evidence justifies the assumption that a mortgage bearing interest at six per cent, secured by real estate of greater value than the mortgage, is worth its face value. Overdue mortgages similarly secured are, like past-due bonds, also worth their face value, irrespective of the interest rate. Mortgages which are secured by real estate at lesser value are ordinarily worth no more than the security.

The record contains a list of payments of mortgages in whole or in part from the date of decedent's death, August 10, 1919, to January, 1921. The best proof of the value of mortgages paid up or assigned is the amount received for their satisfaction or sale. They should be appraised at such sums less a discount of the difference between the rate of interest of the mortgage and six per cent, for the period from the date of death to the date of pay-

ment.   Mortgages not paid up or assigned but which are overdue should be appraised at their face value except where they exceed the value of the real estate, in which cases they should be appraised at the real estate value.   Mortgages not due at decedent's death and not paid up or assigned, should be appraised at their face value discounted by the difference in percentage between the interest rate in the mortgage and six per cent, for the period from the date of decedent's death to the date of maturity.   If in excess of the value of the security, the mortgages referred to in the foregoing paragraph should be depreciated to its value.

The appeal of the state tax commission as to the disbursements allowed is denied.

The report of the appraiser will be remitted to him for revision and correction in accordance with this decision.   Submit order on notice.

Ordered accordingly.